UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA FARRELL,

                Plaintiff,

-against-

CITY OF NEW YORK and EQUAL
EMPLOYMENT OPPORTUNITY
DIVISION OF THE NEW YORK CITY
POLICE DEPARTMENT,

                Defendants.

1:23-cv-04329 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On May 24, 2023, *pro se* Plaintiff Donna Farrell ("Plaintiff") paid the filing fee and commenced this action against the City of New York and the Equal Employment Opportunity Division of the New York City Police Department (collectively, "Defendants"). *See* ECF No. 1 ("Compl."). Plaintiff also filed a motion to redact all personal contact and address information. *See* ECF No. 4 ("Mot."). For the following reasons, Plaintiff's motion to seal is GRANTED in part and DENIED in part, and the Clerk of Court is respectfully directed to issue a summons as to both Defendants.

## DISCUSSION

**A.**     **Motion to Seal**

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action . . . ." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). A court must evaluate a request to seal under both a "common law right of public access to judicial documents," and the press and public's "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)).

There are three steps for evaluating whether a document should be made available to the public under the common law right of public access: first, determine whether the information to be sealed is a "judicial document" to which the presumption of public access applies; second, determine the "weight of that presumption"; and third, "after determining the weight of the presumption of access, . . . balance competing considerations against it." *Lugosch*, 435 F.3d at 119-20 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). With respect to the third step, "countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* (quoting *Amodeo*, 71 F.3d at 1050). Additionally, under Federal Rule of Civil Procedure 5.2, the ECF Privacy Policy for the Southern District of New York, and Rule 4(B)(i) of the Court's Individual Rules of Practice in Civil Cases, parties should not include in their filings, unless necessary, "sensitive information" including social security numbers (use the last four digits only), names of minor children (use the initials only), dates of birth (use the year only), financial account numbers (use the last four digits only), and home addresses (use the City and State only).

Here, Plaintiff seeks to redact "all personal contact information and address information" from her pleadings given her law enforcement background and privacy concerns. Mot.; *see* ECF No. 2. Plaintiff's submissions are "judicial documents" to which the public is presumed to have a right of access. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (holding that pleadings "are judicial records subject to a presumption of public access"). Nevertheless, the Court finds the narrow information Plaintiff seeks to redact is not central to the Court's exercise of Article III power, and the limited presumption of public

access to this information is overcome by Plaintiff's privacy concerns.  Such personal identifying information is also subject to redaction under the federal rules, the ECF privacy policy, and the Court's Individual Rules.  Additionally, the Court has identified at least once instance in which Plaintiff's pleadings include a tax identification number that should also be redacted.  *See* ECF No. 1-1 at 14.

Accordingly, the Court grants Plaintiff's request to redact personal identifying information (and other "sensitive information") consistent with this Order, subject to Plaintiff re-submitting her documents with the proposed redactions within 45 days of the date of this Order.

**B.    Issuance of Summons**

The Clerk of Court is directed to issue a summons as to both Defendants.  Plaintiff is directed to serve the summons and Complaint on the Defendants within 90 days of the issuance of the summons.[1]  If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

## CONCLUSION

The Court grants Plaintiff's motion to redact sensitive personal identifying information subject to **Plaintiff re-submitting any documents containing such information with proposed redactions within 45 days of the date of this Order.**  This means that Plaintiff should refile any document for which she seeks to redact, with the redactions already made consistent with this Order.  By way of illustration, Plaintiff should redact her home address except for the City and

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, the summons in this case was not issued when Plaintiff filed the Complaint.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.

State, should redact her phone number except for its last four digits, and should redact her tax identification number.  **If Plaintiff does not submit proposed redactions within that time, the Court will direct the Clerk of Court to make the filings viewable to the public.**  If Plaintiff seeks to redact documents in the future, she should submit a letter-motion for approval and (i) publicly file the document with the proposed redactions, and (ii) file under seal a copy of the unredacted document with the proposed redactions highlighted, consistent with Rule 4 of the Court's Individual Rules in Civil Cases.

The Clerk of Court is directed to keep ECF Nos. 1, 2, 3, and 4 under seal and viewable only to the parties and the Court; terminate ECF No. 4; issue a summons as to both Defendants; and mail Plaintiff an information package and a copy of this Order.

Dated: June 9, 2023
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge