UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
DONNA FARRELL,

                              Plaintiff,

       -against-

CITY OF NEW YORK and EQUAL
EMPLOYMENT OPPORTUNITY
DIVISION OF THE NEW YORK CITY
POLICE DEPARTMENT,

                              Defendants.
```

Case No. 1:23-cv-04329 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Donna Farrell, proceeding *pro se*, brings this action against her former employer, the City

of New York (the "City"), and the Equal Employment Opportunity Division of the New York

City Police Department (the "EEOD" and, together with the City, "Defendants").  ECF No. 10

("Compl." or the "Complaint").  Plaintiff alleges that Defendants discriminated and retaliated

against her when they denied her request for a religious exemption from the City's COVID-19

vaccine mandate for City employees.

For the following reasons, Defendants' motion to dismiss is GRANTED IN PART and

DENIED IN PART.

## BACKGROUND

I.    **Factual Summary[1]**

Plaintiff was a detective with the New York City Police Department (the "NYPD").  *See*

Compl. at 30.  On October 20, 2021, the Commissioner of the New York City Department of

---

[1] The following facts are taken from the Complaint and accepted as true for purposes of
resolving Defendants' motion to dismiss.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104,
110-11 (2d Cir. 2010).  The Court also considers "documents appended to the complaint."  *Goel*

Health and Mental Hygiene issued an order requiring nearly all City employees to show proof

that they had taken at least one dose of a COVID-19 vaccine by October 29, 2021.  ECF

No. 18-1 (the "City Order") at 4.  On October 25, 2021, Plaintiff requested a religious exemption

from the City Order's vaccine mandate.  Compl. at 30-32, 35-39 (Plaintiff's accommodation

request).  Plaintiff requested the exemption because "the COVID vaccines were develop[ed]

using fetal cells from aborted fetuses which makes [her] complicit in an action that offends [her]

deeply held religious faith."  *Id.* at 36 (further capitalization omitted).  Plaintiff added that "the

flagrant deception of fraudulent semantics by pharmaceutical companies in an effort to conceal

objectionable medical practices coupled with the duress of an employer mandate that threatens to

terminate employment constitutes the most cruel and extreme form of coercion violating all legal

and ethical guidelines and prohibits informed voluntary consent."  *Id.* at 38.

The EEOD denied Plaintiff's request on February 8, 2022.  *See id.* at 40.  In denying the

accommodation, the EEOD offered the following reasons: (1) "[s]tatement does not appear to be

written by the applicant/generic statement that does not support candidate's request";

(2) "statement does not set forth how religious tenets conflict[] with vaccine requirement"; and

(3) "[n]o demonstrated history of vaccination/medicine refusal."  *Id.*  Plaintiff appealed the

denial on February 14, 2022.  *See id.* at 33-34 (emails regarding appeal); *id.* at 41-77 (documents

appended to appeal).  The City of New York Reasonable Accommodations Appeals Panel denied

Plaintiff's appeal on July 27, 2022.  *Id.* at 78.  The panel notified Plaintiff that she had seven

days to submit proof of her vaccination, or else she would be placed on leave without pay and

---

*v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (citation omitted).  Where Plaintiff's
"allegations contradict the evidence contained in the documents relied upon by [P]laintiff, the
documents control."  *Press v. Primavera*, 685 F. Supp. 3d 216, 223 (S.D.N.Y. 2023) (citation
omitted).

then fired. *Id.* at 2, 78. Plaintiff opted to retire, which required 30 days' notice, so she was placed on vacation until August 31, 2022. *Id.* at 2.

On February 23, 2023, the U.S. Equal Employment Opportunity Commission issued Plaintiff a right-to-sue letter. *See id*. at 25-27.

## II.  Procedural Background

Plaintiff commenced this action on May 24, 2023. ECF No. 1. Plaintiff originally filed her complaint under seal, accompanied by a motion to seal her "personal contact information and address information." ECF No. 4. On June 9, 2023, the Court granted in part and denied in part her motion to seal and directed Plaintiff to re-file her complaint with personally identifying information redacted. ECF No. 7. Plaintiff filed a somewhat convoluted document that is labeled a "redacted complaint" on August 7, 2023. *See* Compl.

Defendants moved to dismiss the Complaint on November 8, 2023. ECF No. 19 ("Br."). Plaintiff opposed the motion to dismiss on November 28, 2023. ECF No. 22 ("Opp."). Defendants replied in support of their motion on December 7, 2023. ECF No. 25 ("Reply").

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court accepts as true all non-conclusory allegations of fact and draws all reasonable inferences in the nonmovant's favor. *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021) (en banc). But a court need not "accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading must allege "more than a sheer possibility that a [party] has acted unlawfully" and more than "facts that are 'merely consistent with' a [party's] liability." *Id.*

3

(quoting *Twombly*, 550 U.S. at 557).  "[T]he court's task is to assess the legal feasibility of the

[allegations]; it is not to assess the weight of the evidence that might be offered on either side."

*Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).  Determining whether a pleading

states a claim is "a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense."  *Iqbal*, 556 U.S. at 679.

Here, Plaintiff is proceeding *pro se*.  The Court construes *pro se* pleadings liberally,

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interprets them "to raise the strongest

arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.

2006) (per curiam) (emphasis and citation omitted).

## DISCUSSION

Plaintiff brings claims for religious discrimination and retaliation under Title VII of the

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the New York State

Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*  Defendants seek to dismiss the

Complaint in its entirety.

The Court first addresses whether the EEOD may be sued and then addresses whether

Plaintiff's claims are time-barred.  Next, the Court analyzes Defendants' arguments as to

whether Plaintiff plausibly alleges claims for discrimination and retaliation under Title VII.  The

Court concludes by addressing Plaintiff's NYSHRL claims.

## I.    Claims Against the EEOD

Defendants argue that all claims against the EEOD must be dismissed because the EEOD

is not subject to suit by the Plaintiff.  Br. at 12.  Plaintiff does not contest this argument in her

opposition.  *See generally* Opp.  Defendants are correct, and Plaintiff's claims against the EEOD

are dismissed.

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings

for the recovery of penalties for the violation of any law shall be brought in the name of the city

of New York and not in that of any agency, except where otherwise provided by law." N.Y.

City Charter ch. 17 § 396. "Section 396 of the Charter has been construed to mean that New

York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v.*

*George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008) (per curiam); *see Jenkins v. City of*

*New York*, 475 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the

City."); *Chinchilla v. N.Y.C. Police Dep't*, No. 23-cv-08986 (DEH), 2024 WL 3400526, at *11

(S.D.N.Y. July 12, 2024) ("The NYPD, as a city agency, is not a suable entity." (quoting *Paige-*

*El v. Herbert*, 735 F. App'x 753, 755 (2d Cir. 2018) (summary order))). Accordingly, Plaintiff's

claims asserted against the EEOD are dismissed.

## II.  Timeliness

Defendants assert that Plaintiff's claims are time-barred because she "should have

brought this action as an Article 78 proceeding," which is subject to a shorter statute of

limitations. Br. at 10-12. Defendants are incorrect.

Under New York law, "[t]he Article 78 proceeding supersedes the common law writs of

mandamus, prohibition, and certiorari to review, supplying in replacement of all three of them a

uniform device for challenging the activities of an administrative agency in court." *Whitfield v.*

*City of New York*, 96 F.4th 504, 519 (2d Cir. 2024) (quoting David D. Siegel, New York Practice

§ 557 (6th ed. 2023)). Article 78 proceedings "differ . . . from plenary civil actions" because

"the[ir] substantive scope . . . is limited," they "are characterized by a limited and expedited

summary procedure," and they offer only "limited" relief. *Id.* at 519-20 (quotation marks and

citation omitted). Article 78 proceedings are subject to a four-month statute of limitations. N.Y.

C.P.L.R. § 217(1).

Last month, another court in this District addressed this very issue in the context of a former NYPD employee who brought state and federal discrimination claims against the City, instead of an Article 78 petition, because she was denied a religious exemption to the COVID-19 vaccine requirement. *Chinchilla*, 2024 WL 3400526, at *1. The court rejected the City's argument that the plaintiff's discrimination claims were untimely because they were not brought as an Article 78 proceeding within four months of the denial of the accommodation. *Id.* at *11. The court explained that "the New York Court of Appeals has held that discrimination claims against public employers are subject to a three-year statute of limitations, and New York courts have continued to apply this precedent in recent years." *Id.*; *see Koerner v. State*, 467 N.E.2d 232, 234-35 (N.Y. 1984) (lower court erred in dismissing discrimination action brought under the NYSHRL because applicable statute of limitations was three years, not four-months statute of limitations applicable to Article 78 proceedings); *Bistrisky v. N.Y. State Dep't of Corr. Servs.*, 804 N.Y.S.2d 443, 444 (3d Dep't 2005) ("[T]he issue of whether an accommodation . . . is reasonable is an integral element of the [NYSHRL] violation," and therefore the plaintiff's claims were subject to a three-year statute of limitations rather than the four-month statute of limitations appropriate for Article 78 proceedings). As in *Chinchilla*, Plaintiff's claims here center on her requests for a reasonable accommodation, which are "substantively about the complained-of discrimination, and therefore are governed by a three-year statute of limitations." 2024 WL 3400526, at *11.

The cases cited by Defendants are inapposite. In *Moore v. City of New York*, the court granted the defendants' motion for summary judgment as to the plaintiff's due-process claim under 42 U.S.C. § 1983. No. 15-cv-06600 (GBD) (JLC), 2018 WL 3491286, at *23-24 (S.D.N.Y. July 20, 2018), *report and recommendation adopted*, 2018 WL 4043145 (S.D.N.Y.

Aug. 7, 2018).  There, the plaintiff requested a "good guy letter" upon retirement from his

employer but was denied the letter via an administrative determination.  *Id.* at *6 (capitalization

omitted).  The court explained that the plaintiff's procedural-due-process claim should be

dismissed in part because: (1) the plaintiff lacked an identifiable property interest in the good

guy letter; and (2) a procedural-due-process claim could not stand because an Article 78

proceeding was available for the plaintiff to challenge the determination.  *Id.* at *23-24.  In

contrast, Plaintiff here does not bring a due-process claim but instead claims discrimination and

retaliation for her religious beliefs.  Therefore, *Moore*'s analysis is inapposite.  In the other cases

cited by Defendants, the plaintiffs sought to challenge administrative determinations terminating

their employments because of probationary-period issues, misconduct, and line-of-duty injuries.

*See Portlette v. Metro. Transp. Auth.*, 808 N.Y.S.2d 652, 653 (1st Dep't 2006); *Zarinfar v. Bd. of*

*Educ. of City Sch. Dist. of City of N.Y.*, 997 N.Y.S.2d 670, 2013 WL 9055355, at *1-2 (Sup. Ct.

2013) (unpublished table decision); *Gillen v. Smithtown Libr. Bd. of Trs.*, 721 N.E.2d 945, 945

(N.Y. 1999); *Todras v. City of New York*, 784 N.Y.S.2d 40, 41 (1st Dep't 2004).  Such

challenges differ substantially from claims brought under Title VII and the NYSHRL, like those

asserted by Plaintiff here.  Finally, while *Demerest v. New York City Police Department*,

No. 158479/2022, 2023 WL 374400, at *1-2 (N.Y. Sup. Ct. Jan. 24, 2023), involved a challenge

to the denial of the petitioner's accommodation request, the *Demerest* petitioner commenced his

action as an Article 78 proceeding, and the opinion does not speak to whether such a proceeding

is the exclusive avenue for relief for Title VII and NYSHRL failure-to-accommodate claims, *see*

*Koerner*, 467 N.E.2d at 234 ("[A] judicial action for discriminatory discharge commenced

pursuant to the Human Rights Law is governed by a three-year Statute of Limitations; we need

look no further to determine whether a shorter period might be applicable had plaintiff attempted

to have his rights adjudicated by some other procedure."); *Holloway v. City of New York*, 212 N.Y.S.3d 915, 2024 WL 3243976, at *5 (Sup. Ct. 2024) (unpublished table decision) ("[A] plaintiff alleging a discriminatory practice by a public employer may choose to proceed with such allegations either under an Article 78 proceeding or through a plenary action.").

In sum, the statute of limitations for Article 78 proceedings do not preclude Plaintiff's discrimination and failure-to-accommodate claims.

### III.     Title VII Discrimination

The Court moves next to the merits of Plaintiff's claims.  Plaintiff alleges that the City discriminated against her religious beliefs when it failed to accommodate her and denied her a religious exemption from the COVID-19 vaccine mandate for City employees.  Compl. at 2.  "To make out a *prima facie* case of religious discrimination under Title VII through a failure to accommodate, an employee must demonstrate that (1) she had a bona fide religious belief conflicting with an employment requirement, (2) she informed her employer of this belief, and (3) [she] was disciplined for failing to comply with the employment requirement."  *Cagle v. Weill Cornell Med.*, 680 F. Supp. 3d 428, 435 (S.D.N.Y. 2023).  Title VII "defines 'religion' to include 'all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate . . . an employee's . . . religious observance or practice without undue hardship on . . . the employer's business.'"  *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 291 (2d Cir. 2021) (per curiam) (ellipses in original) (quoting 42 U.S.C. § 2000e(j)).  "Bald allegations that a plaintiff has a religious belief and that those religious beliefs conflict with an employment requirement are insufficient to state a claim for religious discrimination under Title VII."  *Cagle*, 680 F. Supp. 3d at 435.

Defendants argue that Plaintiff "fails to establish that she has a bona fide religious belief that conflicts with the City Order."  Br. at 18-21.  They assert that Plaintiff's beliefs on the

COVID-19 vaccination are political beliefs or personal preferences and therefore do not qualify as protected religious beliefs under Title VII. *Id.* at 18-19.

The Court does not agree. Plaintiff asserts that she "request[ed] a religious exemption because the COVID vaccines were develop[ed] using fetal cells from aborted fetuses which [would make her] complicit in an action that offends [her] deeply held religious faith." Compl. at 36 (further capitalization omitted). She also asserts that Defendants based their denial on "the perception and assumption that I am . . . 'not religious enough' . . . [w]hich transitioned into the discriminatory view that my spirituality is *less than* because it does not match the derogatory stereotype of a scripture quoting Christian carrying a crucifix outside an abortion clinic and genuflecting contritely on demand." *Id.* at 42.

Drawing all reasonable inferences in Plaintiff's favor, the Court finds these allegations sufficient to plead a bona fide religious belief conflicting with an employment requirement. Although Plaintiff does not directly identify her religion in her complaint, she references Christianity and articulates a deeply held religious belief about abortion. *See id.* Because Plaintiff is proceeding *pro se*, the Court takes Plaintiff's allegations to mean that she identifies broadly with, or has similar beliefs to, the Christian faith even though she may not fit the stereotype of certain Christians. *Cf. Moore v. Montefiore Med. Ctr.*, No. 22-cv-10242 (ER), 2023 WL 7280476, at *5 (S.D.N.Y. Nov. 3, 2023) (plaintiff "implicitly described herself as a Christian . . . by her citations to various Bible verses even if she did not explicitly say that she was a Christian"). Even if Plaintiff does not formally identify as a Christian, bona fide religious "beliefs need not be consistent with the dogma of any organized religion" or dependent on "whether or not the plaintiff[] belong[s] to any recognized religious organization." *Farina v. Bd. of Educ. of City of N.Y.*, 116 F. Supp. 2d 503, 507-08 (S.D.N.Y. 2000). "Religious convictions

9

are inherently subjective, and the Court cannot look directly into the mind[] of the plaintiff[]."
*Id.* at 508.  Plaintiff's statements that her religious beliefs keep her from using products
developed from the fetal cells of aborted fetuses, and that the COVID-19 vaccination would
require her to use such a product, Compl. at 36, plausibly allege a bona fide religious belief that
conflicts with an employment requirement, *see Jackson v. N.Y. State Off. of Mental Health –
Pilgrim Psychiatric Ctr.*, No. 23-cv-04164 (JMA), 2024 WL 1908533, at *6 (E.D.N.Y. May 1,
2024) (Plaintiff's allegations that she was a Christian and that her sincerely held religious beliefs
prevented her from receiving a COVID-19 vaccine "produced by, derived from, manufactured
with, tested on, developed with or . . . otherwise connected to aborted fetal cell lines" were
sufficient to plead her bona fide religious belief); *Addonizio v. Nuvance Health*, No. 23-cv-01582
(LAP), 2024 WL 2958795, at *6 (S.D.N.Y June 11, 2024) (same).

It is the case that some of Plaintiff's allegations do not support the inference of a deeply
held religious belief, as opposed to a social or political belief.  For example, Plaintiff's allegation
that "the flagrant deception of fraudulent semantics by pharmaceutical companies in an effort to
conceal objectionable medical practices coupled with the duress of an employer mandate that
threatens to terminate employment constitutes the most cruel and extreme form of coercion
violating all legal and ethical guidelines and prohibits informed voluntary consent," Compl. at
38, seems more indicative of Plaintiff's philosophical and personal beliefs about pharmaceutical
companies.  Given statements like this and the denial grounds articulated by the City, Br. at 20-
21, Defendants may ultimately prevail on summary judgment on the question of whether
Plaintiff's professed beliefs are actually sincerely held and rooted in religion.  *See Gardner-
Alfred v. Federal Reserve Bank of New York*, No. 22-CV-1585 (LJL), 2023 WL 6214863, at *12-
18 (S.D.N.Y. Sept. 25, 2023) (granting summary judgment to defendants on plaintiffs' claim that

they had sincerely held religious objections to the COVID-19 vaccine). But at a motion to dismiss stage, reading Plaintiff's pleading liberally, the Court holds that Plaintiff has overall plausibly alleged a bona fide religious belief that conflicts with the City Order.

Defendants' cases are distinguishable because they reviewed, under an arbitrary-and-capricious standard, an administrative agency's denial of a religious exemption from a vaccine mandate. *See* Br. at 20 (citing *Pierre v. Fire Dep't of the City of N.Y.*, No. 158856/2022, 2023 WL 2626894 (N.Y. Sup. Ct. Mar. 24, 2023); and *Bath v. Fire Dep't of the City of N.Y.*, No. 159689/2022, 2023 WL 3778564 (N.Y. Sup. Ct. June 2, 2023)). Here, in contrast, the Court considers, under a standard much more favorable to Plaintiff, whether she has asserted sufficient facts, accepted as true, to state a plausible claim for religious discrimination.[2]

For the first time on reply, Defendants argue that "[e]ven if Plaintiff has demonstrated a sincerely held religious belief, granting Plaintiff an exemption would have imposed an undue burden on Defendants." Reply at 7. True, Title VII does not require an employer to "offer the

---

[2] Defendants also raise two other arguments that are inapplicable here. First, the Defendants argue that "the City Order is lawful and enforceable" and has been "upheld as a lawful condition of employment for City employees." Br. at 13-14. However, the Court need not consider this argument because Plaintiff does not deny that the City Order is "lawful and enforceable"; rather, she asserts discrimination and retaliation from the City's failure to accommodate her request for a religious exemption to that order. Such claims may stand even assuming that the City Order is lawful and enforceable. *See, e.g.*, *Chinchilla*, 2024 WL 3400526, at *9 (NYPD's argument that the vaccine mandate was a lawful condition of employment did not rebut Plaintiff's discrimination claim).

Second, Defendants argue that Plaintiff fails to state a religious-discrimination claim under Title VII because she does not plausibly allege an inference of discriminatory motivation. Br. at 15. However, Plaintiff's discrimination claim is that the City discriminated against her by failing to accommodate her religious-exemption request, which the Court has addressed above. *See Algarin v. NYC Health + Hosps. Corp.*, 678 F. Supp. 3d 497, 508 (S.D.N.Y. 2023) (declining to address defendants' discriminatory-intent arguments at motion-to-dismiss stage where plaintiff's discrimination claim was based on a failure to accommodate), *aff'd*, No. 23-1063, 2024 WL 1107481 (2d Cir. Mar. 14, 2024) (summary order).

aggrieved employee a reasonable accommodation" if "doing so would cause the employer to suffer an undue hardship." *Algarin*, 678 F. Supp. 3d at 507 (citation omitted).  However, arguments raised for the first time on reply need not be considered by the Court.  *Shunock v. Apple, Inc.*, --- F. Supp. 3d ----, 2024 WL 3090166, at *11 (June 21, 2024).  The Court declines to entertain this argument raised for the first time on reply, despite its possible strength, because "a reply brief containing new theories deprives the respondent of an opportunity to brief those new issues." *Farmer v. United States*, No. 15-cv-06287 (AJN), 2017 WL 3448014, at *3 (S.D.N.Y. Aug. 10, 2017) (citation omitted).  Considering this new argument would be especially unfair in light of Plaintiff's *pro se* status.

Defendants also argue for the first time on reply that Plaintiff fails to state a failure-to-accommodate claim because "as a matter of law, her voluntary retirement was not discipline." Reply at 8.  Defendants raised similar arguments as to Plaintiff's retaliation claim in their opening brief but did not clearly argue that Plaintiff's failure-to-accommodate claim also fails for a lack of discipline.  *See generally* Br.  Therefore, the Court also declines to consider this argument fully articulated for the first time on reply.  Even if the Court were to consider this argument, it fails because Plaintiff alleges that she was given the choice to resign or be fired. Compl. at 2.  Under Title VII, giving an employee "the choice of resigning or being fired" qualifies as an adverse employment action.  *Green v. Town of East Haven*, 952 F.3d 394, 404 (2d Cir. 2020); *cf. Muldrow v. City of St. Louis*, 144 S. Ct. 967, 972-74 (2024) ("[T]o prevail in a Title VII suit" the employee must show that the alleged adverse employment action "brought about some disadvantageous change in an employment term or condition.").  Taking Plaintiff's plausible allegations as true and construing her pleadings liberally, the Court holds that Plaintiff has adequately alleged an adverse employment action.

For these reasons, the Court will not dismiss Plaintiff's Title VII discrimination claim.

## IV.    Title VII Retaliation

Plaintiff next alleges that Defendants retaliated against her by terminating her for requesting a religious exemption. Defendants respond that Plaintiff "fails to allege that she suffered an adverse employment action as a result of seeking [the religious] exemption," and because she "fails to establish a causal connection between her protected activity and the alleged adverse action." Br. at 16-17.

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (citation omitted); *see Vega*, 801 F.3d at 90 (under Title VII, "the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action").

As a threshold matter, Defendants concede that "seeking a religious exemption is a protected activity." Br. at 16. However, the Court agrees with Defendants that Plaintiff fails to plausibly allege a causal connection between her protected activity of requesting a religious exemption and the alleged adverse action. Plaintiff alleges that her employer instituted a vaccine mandate and that she subsequently applied for a religious exemption which was denied, after which she was told to either submit proof of vaccination or be terminated. Compl. at 2. Such allegations "are insufficient to establish a plausible causal nexus" between her threatened termination and her exemption request because there exists "a far more plausible explanation for [her threatened] termination: her failure to receive the COVID-19 vaccine as required by her employer." *Anderson v. City of New York*, --- F. Supp. 3d ----, 2024 WL 183103, at *7 (S.D.N.Y. Jan. 17, 2024) (quotation marks and citation omitted); *see also Adams v. N.Y. State*

*Unified Ct. Sys.*, No. 22-cv-09739 (JMF), 2023 WL 5003593, at *4 (S.D.N.Y. Aug. 4, 2023)

(dismissing Title VII retaliation claim because "even if [the plaintiff] had not submitted the

exemption application at all, she still would have been terminated based on her failure to get

vaccinated.").

In her opposition, Plaintiff appears to make additional allegations of retaliation. For

example, she asserts that Defendants "retaliated against the [P]laintiff after she notified them that

she was being religious[ly] discriminated [against] by . . . [r]efusing to follow the transparent

protocol guaranteed to Members of the Service (MOS) by the NYPD OEEO division to open a

case upon any notification of Religious Discrimination" and by "[r]efusing to follow protocol in

regard to a notification for a medical exemption request," among other things. Opp. at 30-31.

These allegations were not included in Plaintiff's complaint and are therefore not properly before

the Court. *See Fadem v. Ford Motor Co.*, 352 F. Supp. 2d 501, 516 (S.D.N.Y.) ("[P]arties

cannot amend their pleadings through issues raised solely in their briefs."), *aff'd*, 157 F. App'x

398 (2d Cir. 2005) (summary order).

In sum, the Court dismisses Plaintiff's Title VII retaliation claim.

## V.    NYSHRL Claims

In addition to her Title VII claims, Plaintiff also asserts claims under the NYSHRL. In

her original complaint filed under seal, Plaintiff checked a box to indicate that she brought her

claims under the NYSHRL (as well as under Title VII). *See* ECF No. 1 at 4. In her redacted

complaint, which the Court ordered her to file, Plaintiff did not indicate any intent to drop her

NYSHRL claims. *See generally* Compl. In light of Plaintiff's *pro se* status, the Court

understands that Plaintiff continues to bring claims under both Title VII and the NYSHRL. *See*

*Harris*, 572 F.3d at 72 (courts must construe *pro se* pleadings liberally).

14

Defendants made no arguments in their moving brief as to whether Plaintiff adequately alleged claims under NYSHRL, arguing instead that she failed to state claims "under Title VII." *See* Br. at 14-21 (further capitalization omitted).  In their reply brief, Defendants argue that "Plaintiff has abandoned" her state-law claims because she "does not challenge Defendants' assertion that her lawsuit is only brought under Title VII."  Reply at 2.  However, Defendants did *not* assert in their opening brief that this lawsuit "is only brought under Title VII."  *See generally* Br.  Rather, they challenged Plaintiff's Title VII claims and failed to mention any others.  *See* Br. at 14-21.  On this motion to dismiss, it was Defendants' burden to show that Plaintiff failed to state a claim; it was not *pro se* Plaintiff's burden to note that Defendants had failed to move against her state-law claims.  *See, e.g.*, *Pearl River Union Free Sch. Dist. v. Duncan*, 56 F. Supp. 3d 339, 351 (S.D.N.Y. 2014) ("[T]he movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6).").  Because Defendants failed to make any arguments as to Plaintiff's NYSHRL claims, they have not met their burden to show that those claims were inadequately plead.  Thus, Plaintiff's claims brought under the NYSHRL survive.

## VI.   Leave to Amend

Rule 15(a) provides that courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  Nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend."  *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (citation omitted).  The Second Circuit has "held that district courts generally should not dismiss a *pro se* complaint without granting the plaintiff at least one opportunity to amend."  *DeBoe v. Du Bois*, 503 F. App'x 85, 87 (2d Cir. 2012) (summary order) (collecting cases).  Here, Plaintiff is proceeding *pro se* and has not yet had the opportunity to amend her complaint (excluding when she was ordered by the Court to file a complaint with her personal information redacted).

15

Because the Court has dismissed Plaintiff's retaliation claim brought under Title VII, the Court will grant Plaintiff leave to amend that claim within 30 days of the date of this opinion and order.

The Court also notes that Plaintiff alleges for the first time in her opposition that the City failed to engage in a cooperative dialogue to assess her accommodation request. *See* Opp. at 9-11. These allegations were not in Plaintiff's Complaint, and "parties cannot amend their pleadings through issues raised solely in their briefs." *Fadem*, 352 F. Supp. 2d at 516. Given Plaintiff's *pro se* status, she may amend her discrimination claim to include allegations of the City's failure to engage in a cooperative dialogue, should she so choose.

## CONCLUSION

Defendants' motion to dismiss is GRANTED in part and DENIED in part. Plaintiff is permitted, but not required, to file an amended complaint no later than 30 days from the date of this opinion and order. Should Plaintiff choose not to file an amended complaint by that deadline, the Court will schedule an initial pretrial conference and the case will proceed. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 17, and to terminate the Equal Employment Opportunity Division of the New York City Police Department as a defendant.

Dated: August 16, 2024
      New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

16